IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA MEADORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:04-cv-1228-F |
| | ) | (WO) |
| KNAUF FIBERGLASS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case is before the court on a Motion to Intervene (Doc. # 44) filed by Alfa

Mutual Insurance Company ("Alfa") on July 28, 2005. For the reasons set out below, this

motion is due to be DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

On December 22, 2004, plaintiff Monica Meadors ("Meadors") filed a Complaint

(Doc. #1) against Knauf Fiberglass, Adecco and Richard Messer ("Messer") alleging sex

discrimination, race discrimination, sexual harassment, retaliation, invasion of privacy,

assault and battery, outrage and negligent and/or wanton and malicious hiring, training,

supervision and retention.  Of these claims, three of the state law claims–invasion of privacy,

assault and battery and outrage–are brought against defendant Messer in his individual

capacity.   For part of the time during which Meadors claims she was subjected to

discrimination and harassment, Messer was the holder of a homeowner's insurance policy

with Alfa.  Alfa now seeks to intervene in the case for the purpose of determining whether

Messer's homeowner's insurance policy provided liability insurance coverage for the claims

Meadors has asserted against Messer.  Alfa seeks permission to intervene under both Rule

24(a)(2) and Rule 24(b)(2) of the Federal Rules of Civil Procedure.

## II. <u>DISCUSSION</u>

Rule 24(a) of the Federal Rules of Civil Procedure provides that:

> [u]pon timely application anyone shall be permitted to intervene
> in an action ... when the applicant claims an interest relating to
> the property or transaction which is the subject of the action and
> the applicant is so situated that the disposition of the action may,
> as a practical matter, impair or impede the applicant's ability to
> protect that interest unless the applicant's interest is adequately
> represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  In the Eleventh Circuit, a third party may intervene as a matter of

right if four requirements are met: (1) the application to intervene is timely; (2) the applicant

has an interest relating to the property or transaction which is the subject of the action; (3)

the applicant is so situated that disposition of the action, as a practical matter, may impede

or impair his ability to protect that interest; and (4) the applicant must demonstrate that his

interest is inadequately represented by existing parties to the suit. *Purcell v. BankAtlantic*

*Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996).

A. *Timeliness*. When examining the issue of timeliness, courts are to look at four

factors: (1) the length of time that the intervenor knew or reasonably should have known of

its interest in the case before moving to intervene; (2) the extent of prejudice to the existing

parties resulting from the intervenor's failure to move for intervention in a more timely

2

manner; (3) the extent of prejudice to the intervenor if its motion is denied; and (4) the existence of other circumstances militating either for or against a finding that the motion was timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The Eleventh Circuit has concluded that a delay of six months does not in and of itself constitute untimeliness. *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002). The Eleventh Circuit has also indicated that discovery considerations are important in deciding the timeliness of a motion to intervene. *See Chiles*, 865 F.2d at 1213 (a motion to intervene was timely when it was filed before any discovery had begun). *But see Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir.), *cert. denied*, 400 U.S. 878 (1970) (finding that a motion to intervene filed more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery); *Georgia*, 302 F.2d at 1259-60 (where intervention did not delay the proceedings and the court had yet to take significant action, even when discovery was largely complete and the parties had agreed on a briefing schedule for the case, intervention was not untimely). In the present case, Alfa did not seek to intervene until seven months after the filing of the original complaint, and has not indicated any reason for its failure to intervene sooner. While a seven-month delay alone may not constitute untimeliness, in this case, litigation has been actively underway since February of 2005. The defendants have filed answers (Docs. # 18, 19 and 30), the parties met and filed a report of their planning meeting with the court (Doc. # 27), a scheduling order was entered by the court (Doc. # 28), and the parties have been

conducting discovery since April of 2005. Dispositive motions in this case are due by December 9, 2005, and the case is set for trial on April 10, 2006.  Because the existing parties have been actively involved in this case for several months, the court concludes that adding a new party at this stage in the litigation process would be prejudicial to the existing parties.

B. *Alfa's interest in the subject of the action*.  The Eleventh Circuit has held that a party seeking to intervene must have a legally protectable interest in the outcome of the litigation. *See United States v. South Florida Water Mgmt. Dist.*, 922 F.2d 704, 707 (11th Cir.1991) ("To support intervention, a nonparty's interest must be direct, substantial, [and] legally protectable") (internal quotations omitted).  A mere economic interest is not a sufficient interest for the purpose of intervening.  *Id*. at 710 ("By requiring that the applicant's interest be ... 'legally protectable,' it is plain that something more than an economic interest is necessary").  In the present case, it is not clear that Alfa's interest in the action rises to the level of a legally protectable interest.  Alfa's only interest in the matter concerns potential liability in the event that Meadors is successful in obtaining a monetary judgment against defendant Messer.  The court is not persuaded that this hypothetical economic interest is sufficient reason to intervene in this case.  *See Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 110-11 (D.C. Cir. 1985) ("Until the tort claimants have obtained a judgment against these plaintiffs, their interest in the subject matter of the litigation is purely hypothetical").

4

C. *The risk that disposition of this action will impair Alfa's ability to protect its economic interest*.  Under Alabama law, a party who seeks a judgment against a tortfeasor may not initiate an action against the insurer of that tortfeasor before a judgment against the tortfeasor is obtained in the underlying action.  *See State Farm Fire & Cas. Co. v. Green*, 624 So. 2d 538, 539 (Ala. 1993) ("[W]hen the liability of an insurer to pay for injuries suffered by a third party is predicated on the establishment of the liability of its insured to that third party, a direct action by the third party against the insurer is not permitted under Alabama law until the third party has obtained a judgment against the insured").  In this case, Meadors may only seek recovery from Alfa if and when she obtains a judgment against Messer.  If Alfa is denied permission to intervene in the present case, Alfa is in no way precluded from pursuing a full and vigorous defense against any future claims arising out of these circumstances.  Further, Alfa is not precluded from pursuing a separate action for declaratory judgment at any time.

D. *Representation of Alfa's interests by existing parties*.  When the objectives of the potential intervenors and the existing defendants are identical, the Eleventh Circuit presumes that the existing parties will adequately represent the interests of the potential intervening party.  *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir.1993); *see also Wyatt v. Hanan*, 170 F.R.D. 189, 192 (M.D. Ala. 1995) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented. . . .") (citation omitted).

In this case, although the specific objectives of Alfa and the original defendants may not be identical, Alfa does share the "same ultimate objective" as the original defendants, that being a finding that none of these parties is economically liable to the plaintiff.  Where the potential intervenor shares the objective of a party to the case, the court may require "that an intervenor show inadequate representation by the existing parties." *In re HealthSouth Corp. Ins. Litig.,* 219 F.R.D. 688, 694 (N.D. Ala. 2004).  Here, Alfa's objective in seeking to intervene is sufficiently similar to the objectives of existing defendants in the case, and Alfa has not demonstrated that its interests are being inadequately represented by the existing parties.

Alfa's intervening complaint would unfairly prejudice the existing parties and does not concern a sufficient legally protected interest.  Moreover, intervention is not Alfa's sole avenue of pursuing a remedy in this case, and Alfa has not demonstrated that its interests are not already being adequately represented.  Therefore, the court finds that Alfa's Motion to Intervene under Rule 24(a)(2) is due to be DENIED.

Federal Rule of Civil Procedure 24(b), which addresses permissive intervention, provides, in pertinent part, that:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ...  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).  If there is no right to intervene under Rule 24(a), it is wholly within the court's discretion whether to allow intervention under Rule 24(b).  *Purcell*, 85 F.3d at 1513.  Federal Rule of Civil Procedure 24(b) allows permissive intervention if the application to intervene is timely, and if the intervenor's claim or defense and the main issue of the cause have a common question of fact.  *Id*.  As discussed above, the court is not persuaded that Alfa's motion to intervene is timely; this finding weighs against allowing a permissive intervention.  In addition, it is not clear that Alfa's claim shares a common question of fact with the main issue in this case.   As mentioned above, this case concerns claims of discrimination, harassment, retaliation, and state law tort claims.  Alfa's claim, on the other hand, seeks a declaratory judgment concerning one defendant's liability insurance coverage.  Resolving Alfa's claim would require separate findings of law and fact, and therefore the court finds that permissive intervention would not be appropriate in this case.  Alfa's Motion to Intervene under Rule 24(b)(2) is due to be DENIED.

## CONCLUSION

For the reasons discussed, the court finds that Alfa Mutual Insurance Company's Motion to Intervene (Doc. # 44) is hereby DENIED.

DONE this the 20th day of September, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

7